Matter of Ruby T. (Carrion) (2018 NY Slip Op 08314)





Matter of Ruby T. (Carrion)


2018 NY Slip Op 08314


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-08636
 (Index No. 100176/05)

[*1]In the Matter of Ruby T. (Anonymous); Alana Carrion, nonparty-appellant.


Alana Carrion, Staten Island, NY, nonparty-appellant pro se.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81 in which Alana Carrion, the guardian of the property of Ruby T., moved to settle her final account, Alana Carrion appeals from an order of the Supreme Court, Kings County (Betsy Barros, J.), dated July 16, 2013. The order, insofar as appealed from, upon judicially settling Alana Carrion's final account, directed her to pay an accountant's fee from her own funds.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements.
Alana Carrion (hereinafter the guardian), who had been appointed the guardian of the property of Ruby T., an incapacitated person, was directed, by court order, to file a final account. The guardian retained an accountant to prepare the final account, and thereafter moved to settle the final account. The referee appointed to review the final account opined, in her report, that the guardian had administered the estate in the best interest of Ruby T.
In an order dated July 16, 2013, the Supreme Court judicially settled the final account. The court permitted the guardian to retain a certain sum as her commission due pursuant to Mental Hygiene Law § 81.28(a), but it directed the guardian to pay the accountant's fee from her own funds. The court made no finding that the guardian failed to discharge her duties satisfactorily in any respect. The guardian appeals from so much of the order as directed her to pay the accountant's fee from her own funds.
A court is authorized to award "reasonable compensation" to a guardian (Mental Hygiene Law § 81.28[a]). The award of compensation "must take into account the specific authority of the guardian or guardians to provide for the personal needs and/or property management for the incapacitated person, and the services provided to the incapacitated person by such guardian" (id. ). However, "[i]f the court finds that the guardian has failed to discharge his or her duties satisfactorily in any respect, the court may deny or reduce the compensation which would otherwise be allowed" (Mental Hygiene Law § 81.28[b]).
Here, since the Supreme Court did not find that the guardian failed to discharge her duties satisfactorily in any respect, the court should not have directed the guardian to pay the accountant's fee from her own funds (see Mental Hygiene Law § 81.28; Matter of Williams , 307 AD2d 828).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court